IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **WILLIAM C. COOK,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 5:04-1112 |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Claimant's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. This case was referred to the undersigned United States Magistrate Judge by Standing Order (Doc. No. 2.) to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court is the Commissioner's Motion to Dismiss. (Doc. No. 5.) Plaintiff filed his Response to the Commissioner's Motion on January 7, 2005. (Doc. No. 7.)

The Commissioner seeks dismissal of Plaintiff's Complaint on the ground that it was filed on October 14, 2004, more than 60 days after receipt of the Commissioner's final decision and, therefore, did not comply with 42 U.S.C. § 405(g). The Commissioner asserts that Plaintiff should have commenced this action on or before October 12, 2004. In addition, the Commissioner argues that there are no circumstances that justify equitable tolling of the 60-day requirement of 42 U.S.C. § 405(g). Plaintiff argues that his Complaint was filed by letter dated October 12, 2004, but that the

Clerk's Office failed to act upon the Complaint until October 14, 2004. (Doc. No. 7.) Alternatively, Plaintiff argues that pursuant to Fed. R. Civ. P. 6(e), he "is entitled to an additional three (3) days in the computation of time in this matter.", and therefore, his Complaint was timely filed. (Id.)

The Court makes the following findings as to the procedural history in this case:

1. The ALJ issued an unfavorable decision on March 30, 2004. (Doc. No. 6, Declaration of Robin M. Marquis ¶ 3(a).)

2. The Appeals Council denied Plaintiff's request for review on August 6, 2004. (Doc. No. 6, Declaration of Robin M. Marquis ¶ 3(a).) The decision of the Appeals Council notified the Plaintiff of his right to commence a civil action within 60 days of receipt and was sent to Plaintiff.

3. The Plaintiff filed his Complaint with the Clerk of the District Court on October 14, 2004, by his attorney, S. F. Raymond Smith. (Doc. No. 1.)

Judicial review of a determination made by the Commissioner of Social Security is controlled by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Pursuant to the Commissioner's authority under § 405(g) to allow "further time" for the commencement of civil actions, the Commissioner promulgated 20 C.F.R. § 422.210(c) (2004). Under the regulation, the 60-day period starts when notice is received by the claimant. The regulations also create a rebuttable presumption that the claimant receives the notice "five days after

the date of such notice." Id. A claimant can rebut this presumption by making a "reasonable showing to the contrary" that he or she did not receive such notice within the five days. 20 C.F.R. § 422.210(c) (2004). If the claimant successfully rebuts the presumption, the burden is then placed upon the Commissioner to establish that the claimant received actual notice. McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984).

In the present case, the Appeals Council issued its decision on August 6, 2004. Pursuant to 20 C.F.R. § 422.210(c), Plaintiff is presumed to have received the notice from the Appeals Council on August 11, 2004. Thus, the 60-day period ran on October 10, 2004. That day fell on a Sunday, and October 11, 2004, was a holiday, Columbus Day, both days on which the Court was closed. Pursuant to Fed. R. Civ. P. 6(a), the 60-day period therefore ran on October 12, 2004. Plaintiff has not attempted to rebut the presumption that he received the Appeals Council's notice on or before August 11, 2004. Plaintiff argues that his Complaint was deemed filed on October 12, 2004, the date of his letter to the Clerk's Office asking that his Complaint be filed. Alternatively, Plaintiff argues that pursuant to Fed. R. Civ. P. 6(e), he had three days from October 12, 2004, in which to file his Complaint. Rule 6(e), however, affords a party three additional days "after the prescribed period would otherwise expire under subdivision (a)", after *service* is made under Rule 5(b)(2)(B), (C), or (D). Fed. R. Civ. P. 6(e). Thus, Fed. R. Civ. P. 5 and 6 apply subsequent to the filing of the Complaint and are not applicable in this matter. Based on Plaintiff's alternative argument, the Court finds that Plaintiff mailed his Complaint on October 12, 2004, and that it was not received and filed by the Clerk's Office until October 14, 2004, which was two days beyond the sixty-day period. Pursuant to Fed. R. Civ. P. 3, an action "is commenced by filing a complaint with the court." Plaintiff does not suggest that either he or his attorney personally delivered the Complaint to the Clerk's Office on October 12, 2004. Although Plaintiff's personal check for the filing fee of this

3

matter was dated September 15, 2004, his check was not received and processed by the Clerk's Office until October 14, 2004, as evidenced by the Clerk's receipt. (Doc. No. 1.) Additionally, his Complaint was stamped "FILED" by the Clerk's Office on October 14, 2004. (Id.) The Clerk's Office routinely processes payments and stamps Complaints filed on the date received. Accordingly, the Court finds that Plaintiff's Complaint was untimely filed on October 14, 2004. Plaintiff does not allege any other circumstances which would justify equitable tolling of the sixty-day requirement in this case.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the District Court **GRANT** the Commissioner's Motion to Dismiss (Doc. No. 5.) and **DISMISS** this action from the docket of the Court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81

L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

ENTER: November 16, 2006.

R. Clarke VanDervort
United States Magistrate Judge