IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

WILLIAM C. COOK,

        Plaintiff,

v.                              CIVIL ACTION NO. 5:04-01112

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION**

This is an action seeking review of the final decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income, under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33, 1381-83f. By standing order entered on January 14, 2002, and filed in this case on October 14, 2004, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R). Magistrate Judge VanDervort filed his PF&R on November 16, 2006 [Docket 9]. In that filing, the magistrate judge recommended that this Court grant the Commissioner's Motion to Dismiss [Docket 5], and dismiss this action from the Court's

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007, and is, therefore, substituted for Jo Anne B. Barnhart as the defendant in this suit pursuant to Fed. R. Civ. P. 25(d)(1).

docket because Plaintiff's complaint was filed more than sixty days after receipt of the Commissioner's final decision and, therefore, did not comply with 42 U.S.C. § 405(g).[2]

The magistrate judge made three findings with respect to the procedural history of the case. First, "[t]he ALJ issued an unfavorable decision on March 30, 2004." (Docket 9 at 2.) Second, "[t]he Appeals Council denied Plaintiff's request for review on August 6, 2004 . . . . The decision of the Appeals Council notified the Plaintiff of his right to commence a civil action within 60 days of receipt and was sent to Plaintiff." (*Id*.) Third, [t]he Plaintiff filed his Complaint with the Clerk of the District Court on October 14, 2004, by his attorney, S.F. Raymond Smith." (*Id*.)

Based on these findings, the magistrate judge concluded that because the Appeals Council denied Plaintiff's request for review on August 6, 2004, under 20 C.F.R. § 422.210(c), Plaintiff was presumed to have received the notice from the Appeals Council on August 11, 2004.[3]  Thus, the sixty day period with which to file his complaint ran on October 10, 2004.  *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c) ("Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual . . . .").  But because October 10, 2004 was a Sunday, and October 11, 2004 was a holiday, Columbus Day, pursuant to Fed. R. Civ. P. 6(a), Plaintiff's complaint should

---

[2] 42 U.S.C. § 405(g) states, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

[3] Absent a reasonable showing to the contrary, receipt of the notice is presumed to be five days after the date of the Appeals Council notice.  20 C.F.R. § 422.210(c).

have been filed on October 12, 2004 in order to be considered timely. Because the Clerk did not receive and file Plaintiff's complaint until October 14, 2004, the magistrate judge found that it was untimely. The magistrate judge rejected Plaintiff's argument that the complaint was filed on October 12, 2004, the date it was mailed, or, in the alternative, that pursuant to Fed. R. Civ. P. 6(e), he had three additional days.[4]

After the PF&R was entered, Plaintiff filed his objection in accord with Fed. R. Civ. P. 72(b). Plaintiff objects to the magistrate judge's finding that "plaintiff's complaint was untimely filed on October 14, 2004[]" and argues that "[t]he evidence in this claim . . . demonstrates that the claim was filed on October 12, 2004, by mail, pursuant to Federal Rules of Civil Procedure (e)."[5] (Docket 10 at 1-2.) Further, Plaintiff contends that "[t]he issue is not whether the clerk's office normally stamps filings on the date they are received but whether the claim was in fact filed by mail on October 12, 2004. There is no evidence to dispute the plaintiff's position that it was filed by mail on October 12, 2004." (*Id.*) Thus, Plaintiff's objection suggests that the Court should hold that a complaint is filed on the date it is mailed. The Court notes Plaintiff cites no case law in support of this assertion. Further, by attempting to cite Fed. R. Civ. P. 6(e) in his objection, Plaintiff is arguing that he is entitled to an additional three days with which to have filed the complaint. Again, the Court notes Plaintiff has cited no authority in support of his argument that Fed. R. Civ. P. 6(e) applies in this case.

---

[4] "Whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a)." Fed. R. Civ. P. 6(e).

[5] The Court assumes that Plaintiff is referring to Fed. R. Civ. P. 6(e).

When addressing the objections to the PF&R, the Court "shall make a *de novo* determination of those recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.; *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Contrary to the argument set forth in Plaintiff's objection, the cases clearly establish that a complaint is considered filed on the date it is received by the clerk's office, not on the date it is mailed. "A civil action is instituted only by 'filing a complaint with the court.'" *Strickland v. Wayne Farms-Southland Hatchery*, 132 F. Supp. 2d 1331, 1333 (S.D. Ala. 2001) (quoting Fed. R. Civ. P. 3). "When papers are mailed to the clerk's office, filing is complete when the papers are received by the clerk." *Id.* (quoting *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1988) (per curiam)); *see also* 1-5 James W. Moore, et al., *Moore's Federal Practice* § 5.30 (3d ed. 2007) ("Papers may be mailed to the clerk in order to satisfy the filing requirements of Rule 5. But the filing requirement is met only on actual receipt of the documents or when they are placed in the box in the clerk's office."). More importantly, for purposes of the issue presented in this case, "[p]apers arriving after a deadline are untimely even if mailed before the deadline." *Clark v. Milam*, 152 F.R.D. 66, 69 (S.D. W. Va. 1993) (Haden, J.); *see also United States v. Doyle*, 854 F.2d 771, 773 (5th Cir. 1988); *Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir. 1986) (motion mailed on deadline date but received by clerk five days later was untimely); *Moore's Federal Practice*, § 5.30 ("If papers sought to be filed are mailed well before a deadline and arrive one day after the deadline, the filing is untimely."). Therefore, Plaintiff's argument that his complaint was filed by mail on October 12, 2004, is without merit.

Likewise, the Court rejects Plaintiff's argument that he is entitled to an extra three days pursuant to Rule 6(e). "Rule 6(e) applies only where a time period is measured from the date of service by mail, and allows *a party* so served additional time to respond in order to account for time required for delivery of mail." *Clark*, 152 F.R.D. at 69 (emphasis added) (citing *Mosel v. Hills Dep't Store Inc.*, 789 F.2d 251, 253 (3d Cir. 1986)). Furthermore, courts have found that Rule 6(e) does not apply to cases where a plaintiff fails to file his complaint within the sixty day time limit imposed by 42 U.S.C. § 405(g). For example, in an analogous case, *Parrott v. Cmm'r Soc. Sec. Admin.*, No. 9:95-256, 1995 U.S. Dist. LEXIS 18748, *6-8 (E.D. Tex. Dec. 14, 1995) (footnotes and citations omitted), *adopted by*, 914 F. Supp. 147 (E.D. Tex. 1996), the district court adopted a report and recommendation from the magistrate judge that stated:

> There are several reasons . . . why Rule 6(e) is inapplicable. First, in analogous Title VII cases, courts conclude that a 3-day add-on is inappropriate to extend the time for filing an original complaint. Second, to give the benefit of both 20 C.F.R. § 422.210(c) and Rule 6(e) would be double "dispensation" for the period of delivery of the notice by mail. Finally, Rule 6(e) by its terms applies to a party. This is a term of art referring to a litigant after a lawsuit is begun.

*See also Legrande v. Sec'y of Health and Human Servs.*, 802 F. Supp. 1440, 1441 (W.D. La. 1992) (holding that pursuant to Fed. R. Civ. P. 82, Rule 6(e) should not be construed by the court to extend jurisdictional time limits) (citing *Monark Boat Co. v. N.L.R.B.*, 708 F.2d 1322, 1328 (8th Cir. 1983)). The Court finds this analysis persuasive, and holds that Plaintiff is not entitled to an additional three days under Rule 6(e). Accordingly, Plaintiff's complaint should have been filed sixty days from the date of receipt, which would have been October 12, 2004. Therefore, because Plaintiff's complaint should been filed by October 12, 2004, and was not filed until October 14, 2004, it was untimely under 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c), and the Commissioner's motion to dismiss is granted.

For the reasons set forth above, the Court **ADOPTS** the findings and recommendation contained in Magistrate Judge VanDervort's PF&R, **OVERRULES** Plaintiff's objections to the PF&R, **GRANTS** the Commissioner's Motion to Dismiss [Docket 5], and **DISMISSES** this case from the Court's docket. A Judgment Order will be entered this day implementing the rulings contained herein.

        ENTER:       May 21, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE